**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**WESTERN DIVISION**

| | |
|---|---|
| MARQUES GREEN and KELVIN MOORE, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | No.  07 C 50219 |
| ) | |
| DEBORAH PETERSON and DAVID ) | Judge Philip G. Reinhard |
| PETERSON, ) | |
| ) | Magistrate Judge P. Michael Mahoney |
| Defendants. ) | |

**ANSWER TO COMPLAINT**

Defendants, Deborah Peterson and David Peterson, for their answer to the complaint of plaintiffs, state as follows:

**PARTIES**

1. Plaintiffs, and each of them, are citizens of the State of Wisconsin.

   **ANSWER:** Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 1 of plaintiffs' complaint.

2. Defendants, and each of them, are on information and belief, citizens of the State of Illinois.

   **ANSWER:** Defendants admit the allegations of paragraph 2 of plaintiffs' complaint.

**JURISDICTION AND VENUE**

3. This court has jurisdiction over this matter pursuant to 28 U.S.C. 1332 insofar as this is a civil action where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

   **ANSWER:** Defendants admit that the action is between citizens of different states, but deny that the matter in controversy exceeds $75,000.

4.	Venue is properly vested with this Court pursuant to 28 U.S.C. 1391(a).

**ANSWER:**	Defendants admit the allegations of paragraph 2 of plaintiffs' complaint.

## COMMON ALLEGATIONS

5.	On or about August 4, 2006, defendant, DEBORAH, was the operator of a certain motor vehicle owned by defendant, DAVID, that she was then and there driving in a generally southerly direction along and upon North Main Street at and toward its intersection with Auburn Street, both being public roadways in the City of Rockford, County of Winnebago and State of Illinois going straight ahead in traffic in the right/outer/curb lane thereof.

**ANSWER:**	Defendants admit that DAVID owned the vehicle involved in the accident and admits that the roadways mentioned are public roadways in the location alleged, but denies the remaining allegations in paragraph 5.

6.	At said time and place, plaintiff GREEN, was a passenger/guest occupant in a certain motor vehicle owned by one Deedra Funches, and operated by one Jillian Rodriguez, which was stopped facing northbound at the south curb line of the intersection of North Main Street at Auburn Street in the right/outer/curb lane in the City of Rockford, County of Winnebago and State of Illinois.

**ANSWER:**	Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 6 of plaintiffs' complaint.

7.	At all times hereto material, a traffic control device placed at the south curb of North Main Street at its intersection with Auburn Street in said City, County and State regulating northbound traffic was signaling red.

**ANSWER:**	Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 7 of plaintiffs' complaint.

**COUNT I - NEGLIGENCE OF DEFENDANT, DEBORAH AS TO PLAINTIFF, GREEN**

    1-7.    Plaintiff, GREEN, incorporates by reference paragraphs 1 through 7 herein above as though fully set forth in this Count I.

    **ANSWER:**    Defendant incorporates by reference her responses to paragraphs 1 through 7 as her answers to paragraphs 1 through 7 of Count I.

    8.    At all times hereto material, defendant, DEBORAH, out a duty of reasonable care for the safety of the plaintiff, GREEN, as a passenger/guest occupant of a motor vehicle upon said roadway.

    **ANSWER:**    Defendant admits all duties imposed by law.

    9.    Notwithstanding said duty as heretofore alleged, defendant, DEBORAH, was then and there guilty of one of the following careless and negligent acts or omissions:

    a.    Operated said motor vehicle at a rate of speed greater than was reasonable and proper for conditions then and there existing;

    b.    Operated said motor vehicle without brakes adequate to control the movement of and to stop and hold said vehicle;

    c.    Failed to keep a proper lookout for traffic then and there upon said roadway;

    d.    Failed to retain sufficient and proper control over the operation of said vehicle;

    e.    Failed to operate said motor vehicle in a reasonably safe manner so as not to cause injury to Plaintiff;

    f.    Followed another motor vehicle more closely than was reasonable or proper, contrary to and in violation of 625 ILCS Section 5/11-710(a) of the Illinois Compiled Statutes;

    g.    Failed to reduce speed to avoid a collision, contrary to and in violation of 625 ILCS Section 5/11-601(a) of the Illinois Compiled Statutes.

    **ANSWER:**    Defendant denies the allegations of paragraph 9 of plaintiffs' complaint.

9.      As a direct and proximate result of one of the aforesaid careless and negligent acts or omissions of defendant, DEBORAH, individually, and as agent, servant and employee of the defendant, DAVID, the motor vehicle said defendant, DEBORAH was operating collided with the rear of the motor vehicle owned by Deedra Funches, operated by Jillian Rodriguez and occupied by the plaintiffs, GREEN and MOORE, throwing said plaintiffs in and about said vehicle violently, wrenching their bodies into unnatural positions, causing parts of their bodies to hit the interior of said vehicle.

**ANSWER:** Defendant denies negligence and is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of the second paragraph enumerated as paragraph 9 of plaintiffs' complaint.

10.     By reason of the premises, and as a direct and proximate result of one or more of the above set forth careless and negligent acts or omissions of the defendant, DEBORAH, individually, and as agent, servant and employee of the defendant, DAVID, plaintiff, GREEN, was caused to and did sustain divers injuries of a personal and pecuniary nature, including, but not limited to: fractures of teeth #8 and #9 both incisally along with buccal/lingually also known as an Ellis class 1 dental fracture to each of said teeth, requiring porcelain crowns to stabilize them and protect them from further damage; neck, face and throat pain by reason of which plaintiff has expended and incurred obligations for medical and dental expenses and care and may in the future expend and incur such further obligations; said plaintiff has been and may in the future be prevented from attending to his usual affairs and duties and he was otherwise injured, all to his damage.

**ANSWER:** Defendant denies negligence and is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of paragraph 10 of plaintiffs' complaint.

## COUNT II
## NEGLIGENCE OF DEFENDANT, DAVID, AS TO PLAINTIFF, GREEN

1-10.   Plaintiff incorporates by reference paragraphs 1 through 10 herein above as though fully set forth in this Count II.

**ANSWER:**   Defendant incorporates by reference his responses to paragraphs 1 through 10 as his answers to paragraphs 1 through 10 of Count II.

11.   That defendant, DAVID, is vicariously liable for the careless and negligent acts or omissions of his presumed agent, servant and employee, defendant, DEBORAH.

**ANSWER:**   Defendant denies the allegations of paragraph 11 of plaintiffs' complaint.

## COUNT III
## NEGLIGENCE OF DEFENDANT, DEBORAH, AS TO PLAINTIFF, MOORE

1-7.   Plaintiff, MOORE, incorporates by reference paragraphs 1 through 7 herein above as though fully set forth in this Count I.

**ANSWER:**   Defendant incorporates by reference her responses to paragraphs 1 through 7 as her answers to paragraphs 1 through 7 of Count I.

8.   At all times hereto material, defendant, DEBORAH, owed a duty of reasonable care for the safety of the plaintiff, MOORE, as a passenger/guest occupant of a motor vehicle upon said roadway.

**ANSWER:**   Defendant admits all duties imposed by law.

9.   Notwithstanding said duty as heretofore alleged, defendant, DEBORAH, was then and there guilty of one of the following careless and negligent acts or omissions:

    a.   Operated said motor vehicle at a rate of speed greater than was reasonable and proper for conditions then and there existing;

    b.   Operated said motor vehicle without brakes adequate to control the movement of and to stop and hold said vehicle;

    c.      Failed to keep a proper look out for traffic then and there upon said roadway;

    d.      Failed to retain sufficient and proper control over the operation of said vehicle;

    e.      Failed to operate said motor vehicle in a reasonably safe manner so as not to cause injury to plaintiff;

    f.      Followed another motor vehicle more closely than was reasonable or proper, contrary to and in violation of 625 ILCS Section 5/11-710(a) of the Illinois Compiled Statutes;

    g.      Failed to reduce speed to avoid a collision, contrary to and in violation of 625 ILCS Section 5/11-601(a) of the Illinois Compiled Statutes.

**ANSWER:**    Defendant denies the allegations of paragraph 9 of plaintiffs' complaint.

10.    As a direct and proximate result of one of the aforesaid careless and negligent acts or omissions of defendant, DEBORAH, individually and as agent, servant and employee of the defendant, DAVID, the motor vehicle said defendant, DEBORAH was operating collided with the rear of the motor vehicle owned by Deedra Funches, operated by Jillian Rodriguez and occupied by the plaintiffs, GREEN and MORE, throwing said plaintiffs in and about said vehicle violently, wrenching their bodies into unnatural positions, causing parts of their bodies to hit the interior of said vehicle.

**ANSWER:**    Defendant denies negligence and is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of paragraph 10 of plaintiffs' complaint.

11.    By reason of the premises, and as a direct and proximate result of one or more of the above set forth careless and negligent acts or omissions of the defendant, DEBORAH, individually, and as agent, servant and employee of the defendant, DAVID, plaintiff, MOORE, was caused to and did sustain divers injuries of a personal and pecuniary nature, by reason of which plaintiff has

expended and incurred obligations for medical expenses and care and may in the future expend and incur such further obligations; said plaintiff has been and may in the future be prevented from attending to his usual affairs and duties and he was otherwise injured, all to his damage.

> **ANSWER:** Defendant denies negligence and is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of paragraph 11 of plaintiffs' complaint.

## COUNT IV
## NEGLIGENCE OF DEFENDANT, DAVID, AS TO PLAINTIFF, MOORE

1-10. Plaintiff incorporates by reference paragraphs 1 through 10 herein above as though fully set forth in this Count II.

> **ANSWER:** Defendant incorporates by reference his responses to paragraphs 1 through 10 as his answers to paragraphs 1 through 10 of Count IV.

11. That defendant, DAVID, is vicariously liable for the careless and negligent acts or omissions of his presumed agent, servant and employee, defendant, DEBORAH.

> **ANSWER:** Defendant denies the allegations of paragraph 11 of plaintiffs' complaint.

For all of the foregoing reasons, defendants, Deborah Peterson and David Peterson, pray this Court for entry of an order dismissing plaintiffs' complaint in its entirety and with prejudice.

    /s/ James P. Devine
James P. Devine
Attorney for defendants,
DEBORAH PETERSON & DAVID PETERSON
WilliamsMcCarthy LLP
120 W. State St., Suite 400
P.O. Box 219
Rockford, IL  61105-0219
Telephone:  (815) 987-8909
Facsimile:  (815) 968-0019
E-mail:  jdevine@wilmac.com

**CERTIFICATE OF LAWYER**

The undersigned hereby certifies that on March 11, 2008, I electronically filed the foregoing instrument with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Attorney Donald S. Nathan  
Donald S. Nathan, P.C.  
4 Elm Creek Drive, #417  
Elmhurst, IL  60126

    /s/ James P. Devine  
James P. Devine  
Attorney for defendants,  
DEBORAH PETERSON & DAVID PETERSON  
WilliamsMcCarthy LLP  
120 W. State St., Suite 400  
P.O. Box 219  
Rockford, IL  61105-0219  
Telephone:  (815) 987-8909  
Facsimile:  (815) 968-0019  
E-mail:  jdevine@wilmac.com